[No. 852.  Decided June 20, 1893.]

MARY A. BOOTH AND CATHERINE CLARK, *Respondents*, v. THE COLUMBIA AND PUGET SOUND RAILROAD COMPANY, *Appellant*.

APPEAL — WEIGHT OF TESTIMONY — NEW TRIAL — NEWLY DISCOVERED EVIDENCE.

Where there is evidence in an action tending to support the issues made, the supreme court will not pass upon the weight of the testimony.

Where the complaint in an action for damages alleged that the ties of defendant's road bed were rotten and unsafe, whereby the injury was caused, defendant had sufficient notice to put it upon an investigation of all its road bed at the place where the accident occurred, and the defendant is not entitled to a new trial on the ground that it was surprised at the proof of the defective condition of a particular tie, and that it now has newly discovered evidence to the contrary.

*Appeal from Superior Court, King County.*

*Andrew F. Burleigh*, for appellant.

*Tustin, Gearin & Crews*, and *M. A. Baker*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.— This is an appeal from a judgment rendered on a verdict for damages alleged to have been inflicted on passengers by a railroad company. Actions were brought separately by respondent Mary A. Booth and respondent Catherine Clark, and as their injuries were caused by the same accident, in the interests of economy the causes have been consolidated. The plaintiffs based their action on the negligence of the railroad company in permitting its track and roadbed to become and remain out of repair and unfit for use, and for permitting the ties on said roadbed to become rotten and unsafe. Defendant

denies negligence of any kind, and alleges contributory negligence on the part of the plaintiffs.    There is no proof, however, tending to sustain this allegation, and it is not urged here.

Conceding for the purposes of this decision the soundness of all the propositions of law advanced by appellant, yet the judgment in this case must be affirmed; for we think there was *some* evidence which was properly presented to the jury, which tended to support the allegation that the ties on the road were rotten and unsafe for the uses for which they were intended, and that such defects in the ties were the cause of the accident and the injuries to plaintiffs; and that there was sufficient evidence, if not denied, to support a judgment.    Whether or not it was successfully denied, is a question for the jury to pass upon, and they have passed upon that question in favor of the contention of the respondents, and this court will therefore not presume to set aside their verdict, even though in its judgment the weight of testimony is in favor of the appellant.

Several witnesses testified that at the point where the accident occurred the ties were in a very bad and unsafe condition; that some of them were so rotten that they could be kicked to pieces; and one witness testified that when he walked on one side of the track the other side would jump up.    It is true that the witnesses who testified most strongly as to the bad condition of the track were the respective husbands of the respondents, but this fact would only be a circumstance for the jury to consider as affecting their credibility.    It is urged by the appellant that there is no testimony showing the defective condition of the track at the point where the car wheels first left the track, and it locates that point by the marks of the wheels on the ties; but on the other hand it is argued by the respondents that if the first car left the rails and forced its way through the

rotten ties dragging the second car off, the place where the wheels of the second car left marks on the solid ties would be no indication at all where the first car went off the track. This at least was a reasonable theory to urge upon the jury, and it may have been the view which the jury adopted. The ordinary expression used by the witnesses in locating the rotten ties was ''at the point where the accident occurred,'' and as it is only claimed by appellant that the distance was from twenty to forty feet from where the car left the track to where it finally toppled over, we think the defects in the track were located near enough to warrant the jury in coming to the conclusion that the accident was caused by the defective track, especially as the train was running so very slow, at the rate of eight or nine miles an hour, on an up grade, and defendants offered no explanation whatever of the accident.

It is urged by the appellant that the court erred in refusing to allow the jury to view the premises in accordance with its request. It is not necessary to discuss this question, as the record fails to show that any such request was made by appellant, or refused by the court.

Appellant urges that the court erred in refusing to allow a new trial on the ground of newly discovered evidence. We have examined the affidavits of appellant in support of its motion for a new trial, and think that under the allegations of the complaint, which definitely charge that the ties of the roadbed were rotten and unsafe, that the defendant had sufficient notice to put it upon an investigation of all the roadbed at the place where the accident occurred, and that it could not have been surprised at the proof of the defective condition of any particular tie.

There is no question raised as to the instructions of the court, or of the excessiveness of the verdict.

The judgment in both cases will be affirmed.

ANDERS, HOYT, SCOTT and STILES, JJ., concur.